14-1151

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

**KARAMVIR DAHIYA and**

**DAHIYA LAW OFFICES LLC,**

Appellants,

-against-

**DEBRA KRAMER AS TRUSTEE OF THE**

**ESTATE OF SHAHARA KHAN,**

Appellee.

_____

On Appeal from the United States District Court for the
Eastern District of New York
_____

**OBJECTION TO APPELLANT'S REQUEST TO FILE AN OVERSIZED BRIEF AND RESPONSE TO THE REQUEST FOR AN EXTENSION OF TIME TO FILE BRIEF BY THE APPELLANT**

The Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, New York 11743
Tel: 631-423-8527

Debra Kramer, the Appellee in this case, by her attorneys, the Law Offices of Avrum J. Rosen, PLLC as and for her Objection to Appellants' Request to File an Oversized Brief and Response to the Request for an Extension of Time to File a Brief by the Appellants, respectfully represents as follows:

### A. APPELLANTS' REQUEST TO FILE AN OVERSIZED BRIEF SHOULD BE DENIED

1. The Appellants have made two requests. Appellants seek both an extension of time to file the Appellants' Brief and seek permission to file an oversized brief. Appellee opposes the request for permission to file an oversized brief given that this appeal involves the narrow issue of whether or not the District Court abused its discretion in connection with its affirmance of an order awarding the Chapter 7 Trustee sanctions.

2. Indeed, Appellants continue to violate 28 U.S.C. § 1927 by filing motions raising superfluous arguments. This Court has already dismissed two appeals under case numbers 13-1930 and 13-1950 involving the denial of two motions to withdraw the reference, one of which concerned the very sanctions award that is now the subject of the instant appeal before this Court.[1] Appellants continue

---

[1] The Appellants were sanctioned by the Bankruptcy Court, pursuant to 11 U.S.C. § 1927 and 11 U.S.C. §105 (the "Sanctions Motion"), for vexatious litigation tactics and needlessly multiplying the proceedings. Having made an untimely motion to withdraw the reference of the Sanctions Motion to the District Court, the Appellants compounded their violations of these statutes by filing two appeals from a single interlocutory Order denying the motion to withdraw the reference. This Court ultimately dismissed both appeals in a Summary Order dated May 27, 2014 for lack of jurisdiction.

to bring frivolous litigation and should not be rewarded by the granting of permission to file an oversized brief.

3.  Appellants seek permission to file an oversized brief to include constitutional arguments that are irrelevant to the instant appeal.   In the briefs before the Court filed in connection with 13-1930 and 13-1950, two appeals which stemmed from a single Order of the District Court, Mr. Dahiya, included over a dozen pages questioning the powers of Article III Judges, the integrity of the Bankruptcy Court, and the Chapter 7 Trustee.   To allow Appellants permission to file an oversized brief would condone the inclusion of these extraneous arguments solely to advance the personal agenda of Mr. Dahiya and give him a platform to voice an opinion that has no basis for review of the narrow issue before the Court-- whether or not the District Court abused its discretion in affirming an award of sanctions against Mr. Dahiya for unnecessarily multiplying the litigation.   As such, any request by Appellants to file an oversized brief should be denied.

**B. THE MOTION FOR AN EXTENSION OF TIME TO FILE APPELLANTS' BRIEF IS RIDDLED WITH MISSTATEMENTS OF FACT**

4.  While Appellee would not normally oppose a first request for an extension of time to file a Brief, Appellee would be remiss not to mention that

Appellants are not being fully candid with the Court in the Declaration of Karamvir Dahiya in Support of Motion (the "Declaration").

5.  By Order dated June 18, 2014, this Court set the deadline to file Appellants' brief on or before July 28, 2014. Appellants argue in the Declaration that Mr. Dahiya requires an extension of time to file the brief because he must prepare three applications for asylum, prepare various documents in connection with Van Realty[2], a "pending Chapter 11 case", and "do the same in two other chapter 13 cases of Claudette Boot and Mohd. Hassan. Also prepare discovery motion and paperwork in a pending Chapter 7 case (Jacob Pinson) to meet the deadline", in addition to other work.

6.  Appellants fail to provide case numbers for each of the bankruptcy cases referenced in the Declaration and fail to advise the true nature of the work performed. Significantly, Mr. Dahiya took on all of these obligations *after* he knew of the deadline to perfect the instant appeal.

7.  In *In re Mohammed Hassan*, Chapter 7 Case No. 12-43627-cec, Mr. Dahiya first filed his notice of appearance on behalf of the Debtor, Mr. Hassan on July 9, 2014. Mr. Hassan had already reached a settlement with the Chapter 7 Trustee and Mr. Dahiya determined that it was necessary to file opposition. It should be noted that this is the *modus operandi* of Mr. Dahiya in numerous cases

---

[2]  The undersigned has conducted a PACER search of "Van Realty" in the United States Bankruptcy Courts for both the Eastern and Southern Districts of New York and cannot locate a pending case.

before the bankruptcy court. Significantly, Mr. Dahiya took on this case several weeks after this Court set the deadline to file Appellants Brief by Order dated June 18, 2014.

8. In *In re Claudette Boothe*, Chapter 13 Case No.: 14-40363-cec, the Debtor was directed by Order dated June 20, 2014 to provide documents to the Trustee and make pre-confirmation payments on or before June 29, 2014. By Order dated July 3, 20143, the Debtor was directed to provide documents and become current with pre-confirmation payments to the Trustee by July 15, 2014. Had Mr. Dahiya timely complied with the first Order dated June 20, 2014, it would have obviated the second Order dated July 3, 2014. It is difficult to comprehend how complying with an order by July 15, 2014, hinders Mr. Dahiya's ability to file a brief in connection with the instant appeal by July 28, 2014. Perhaps it is the inclusion of extraneous material as indicated in the Declaration in support, that requires additional time to prepare. However, as set forth above, these arguments do not belong in the appeal of an order affirming an award of sanctions.

9. In *In re Jacob Pinson and Chana Pinson*, Chapter 7 Case No.: 14-40212-cec, Mr. Dahiya, on behalf of several creditors filed a motion to extend time to object to discharge. Mr. Dahiya has indicated that he requires an extension of time to file the brief in connection with the instant appeal because he must prepare "discovery motion and paperwork to meet the deadline". Nowhere does he

mention what the paperwork is or what deadline. This is not a basis to extend his time to file a brief.

10. With respect to the other cases alluded to in the Declaration, neither case numbers or names are listed, making it impossible to determine whether or not any work to be performed takes priority over timely filing a brief in connection with the instant appeal. Mr. Dahiya continues to be disingenuous with the Court as to his level of engagement or involvement with other cases that would result in necessitating additional time to file the Appellants' brief.

WHEREFORE, it is respectfully requested that the Court deny the Appellants' request for permission to file an oversized brief, and, that the Court take notice of the arguments set forth herein in connection with Appellants' request for an extension of time should any further applications be made.

Dated: Huntington, New York
      July 15, 2014

                              Respectfully submitted,

                              The Law Offices of Avrum J. Rosen, PLLC
                              Attorneys for the Appellee

                              BY:   S/Avrum J. Rosen
                                      Avrum J. Rosen
                                      38 New Street
                                      Huntington, New York 11743
                                      Telephone Number: (631) 423-8527
                                      ajrlaw@aol.com